UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERTO VIZCAINO,

    Petitioner,

v.                                            CASE NO. 6:06-cv-318-Orl-18DAB

SECRETARY, DOC, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254, and the Court will permit Petitioner to proceed in forma pauperis.

Upon consideration of the petition and in accordance with the Rules Governing Section 2254 Cases in the United States District Courts, it is **ORDERED** as follows:

(a) Respondents shall, within forty-five (45) days from the date of this Order, file a response, entitled "Response to Petition," indicating why the relief sought in the petition should not be granted.

(b) As part of the Response to Petition required by paragraph (a) of this Order, Respondents shall also:

> (1) **State whether or not either the United States District Court Judge or the United States Magistrate Judge assigned to this case was involved in any of Petitioner's state court proceedings. Respondents have an ongoing duty to inform the Court of such involvement if the case is hereafter reassigned to another judicial officer.**

    (2) Summarize the results of any direct appellate and/or post-conviction relief sought by petitioner to include citation references and copies of all published opinions. Provide copies of appellant and appellee briefs from every appellate and/or post conviction proceeding.

    (3) State whether an evidentiary hearing was accorded Petitioner in the pre-trial, trial and/or post-conviction stage and whether transcripts are available from those proceedings.

    (4) Procure transcripts and/or narrative summaries in accordance with Rule 5 of the <u>Rules Governing Section 2254 Cases in the United States District Courts</u> and file them concurrently with the initial pleading.

    (5) State whether Petitioner has exhausted available state remedies under the statutes or procedural rules of the state. If Petitioner has not exhausted available state court remedies, provide an analysis of those remedies or indicate whether Respondents waive the exhaustion requirement. <u>Thompson v. Wainwright</u>, 714 F.2d 1495 (11th Cir. 1983).

    ***(6) Provide a detailed explanation of whether the petition was or was not filed within the one-year limitation period as set forth in 28 U.S.C. § 2244 (d).***

  (c) Henceforth, Petitioner shall mail one copy of every pleading, exhibit and/or correspondence, along with a certificate of service indicating the date an accurate copy was mailed, to each Respondent listed in the bottom of this Order. **Should Petitioner fail to include the required certificate of service the Clerk of this Court is directed to reject the document for filing and return the document without action.**

  (d) Petitioner shall advise the Court of any change of address. Failure to do so will result in the case being dismissed for failure to prosecute.

  (e) The Clerk is directed to send, by certified mail, a copy of this Order, the

petition, and any supporting documentation to Respondents and the Attorney General of Florida.

**DONE AND ORDERED** in Chambers at Orlando, Florida this 3rd day of July, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE


Copies to:
pslc 7/3
Roberto Vizcaino

Department of Legal Affairs
Office of the Attorney General
444 Seabreeze Boulevard, 5th Floor
Daytona Beach, Florida 32118

Attorney General of Florida
The Capitol, PL-01
Tallahassee, Florida  32399-0810