UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERTO VIZCAINO,

    Petitioner,

v.                                        CASE NO. 6:06-cv-0318-Orl-19DAB

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1, filed March 13, 2006). Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 21, filed January 18, 2007). Petitioner filed a reply to the response (Doc. No. 23, filed February 22, 2007).

Petitioner alleges three claims for relief in his petition: (1) Petitioner's plea was "involuntarily made and unlawfully induced because he did not understand the consequences of the plea;" (2) "Petitioner's conviction is in violation of double jeopardy protection;" and (3) "counsel failed to warn Petitioner of the possible deportation consequences of his plea." (Doc. No. 1 at 5-8). Because his petition is untimely, this Court cannot reach the merits of Petitioner's three claims.

*Procedural History*

After pleading nolo contendere to one count of trafficking in four grams or more of heroin, on May 4, 2000, Petitioner was sentenced to a fifteen-year sentence of imprisonment to run concurrent with any other sentence. (Appendix at 37-46). Petitioner did not appeal his judgment and sentence.

On July 31, 2000,[1] Petitioner filed a motion for clarification of his sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure. (Appendix at 1-2). On October 18, 2000, the state court denied Petitioner's Rule 3.800(a) motion, and Petitioner did not appeal. *Id.* at 3.

On February 20, 2002, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. (Appendix at 4-27). On July 18, 2003, the state trial court summarily denied Petitioner's Rule 3.850 motion. *Id.* at 28-34. Petitioner appealed, and the state trial court's decision was affirmed *per curiam* on October 7, 2003. *Vizcaino v. State*, 857 So. 2d 896 (Fla. 5th DCA 2003). Mandate issued on October 24, 2003, and Petitioner's motion for rehearing was denied on November 5, 2003. (Appendix at 48 & 49).

---

[1] This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date."). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

On February 20, 2004 and March 5, 2004, Petitioner attempted to file second and successive Rule 3.850 motions. (Appendix at 50-67). The state trial court denied the motions, and Petitioner appealed. *Id.* at 83-86. The trial court's decision was affirmed *per curiam* on October 18, 2005. *Vizcaino v. State*, 912 So. 2d 245 (Fla. 5th DCA 2005). Mandate issued on November 7, 2005. (Appendix 88). Petitioner then filed the instant petition on March 13, 2006. (Doc. No. 1).

*Petitioner's Habeas Corpus Petition is Untimely*

Pursuant to 28 U.S.C. § 2244:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

>   (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

Pursuant to § 2244(d)(1)(A), Petitioner had one year, absent any tolling, from the date his convictions became final to file his federal habeas corpus petition. Petitioner's state court judgment is dated May 4, 2000. Petitioner then had thirty days to file a direct appeal. *See* Fla. R. App. P. 9.140(b)(3). Since Petitioner did not file a direct appeal, his convictions became final on June 3, 2000, thirty days after the written sentences were rendered. Thus, he had through June 3, 2001, absent any tolling, to file his § 2254 petition.

Under § 2244(d)(2), the one-year was tolled during the pendency of Petitioner's "properly filed" state post-conviction proceedings. Even assuming that all of Petitioner's post-conviction motions were properly filed (and they were not), the time was tolled for a total of 962 days (from July 31, 200 to October 18, 2000, from February 20, 2002 to November 5, 2003, and from February 20, 2004 to November 7, 2005). Accordingly, Petitioner had through January 20, 2004 (962 days from June 3, 2001) to file his federal habeas corpus petition. Petitioner's March 13, 2006 habeas corpus petition was not timely filed and must be denied.

Petitioner contends that his petition should be considered timely filed because "since 1999 until the filing of this Petition, Petitioner has been attempting to obtain all the documents necessary to file an adequate claim of relief." (Doc. No. 1 at 13). Petitioner claims he "was basically given the run around by various state, federal and circuit court

4

agencies concerning the record files" in his case, and he "just recently was able to obtain said documents and is now able to show this Court that he is innocent of the charges against him." *Id.* To his reply, Petitioner attached various documents including: (1) a letter dated October 18, 2001, from Petitioner to Chief Justice William H. Rehnquist of the United States Supreme Court; (2) a letter dated November 1, 2001, from Petitioner to John Ashcroft, United States Attorney General; (3) Orders dated December 11, 2001 and January 24, 2002, denying Petitioner's November 2001 application for a writ of mandamus from this Court.[2] (Doc. No. 23).

Petitioner appears to claim that the one-year period should be subject to equitable tolling because he allegedly had some difficulty obtaining documents related to his case. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 125 S.Ct. 1807, 1814 (2005). Moreover, Petitioner has the burden of showing extraordinary circumstances, and this Court must "take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." *Calderon v.*

---

[2] In light of Chief Judge Patricia C. Fawsett's assignment to Petitioner's action seeking a writ of mandamus, Petitioner requests that this Court take "judicial notice" of Respondents' "*FALSE* allegation" that no United States District Judge has been involved in Petitioner's case. (Doc. No. 23 at 2-3). Petitioner's request is inexplicable given that he certified that the instant action is not related to any closed civil "case filed with this Court." (Doc. No. 5).

*United States District Court*, 128 F.3d 1283, 1289 (9th Cir. 1997), *vacated on other grounds*, 163 F. 3d 530 (9th Cir. 1998).

Petitioner's allegations simply do not rise to the level of extraordinary circumstance beyond his control which warrant equitable tolling of the one-year period set forth in §2244(d). *See Akins v. United States*, 204 F.3d 1086 (11th Cir. 2000) (one year limitations period is not equitably tolled based on prison lockdowns or misplacement of legal papers); *Jones v. Cain*, No. Civ. A. 98-0916, 1998 WL 485693, at *2 (E.D. La. Aug. 14, 1998) (recently obtaining copies of the arrest record and trial transcript did not support equitable tolling of the one year time period set forth in section 2244(d)(1)). *See e.g. Hood v. Galaza*, 47 F. Supp. 2d 1144, 1148 (S.D. Cal. 1999) (petitioner who claimed delays in photocopying materials and utilizing the prison law library services, as well as his lack of legal sophistication, failed to demonstrate extraordinary circumstances warranting equitable tolling of the one year deadline).

It appears that Petitioner also may be arguing that the one-year limitation should not bar his claims because he is "actually innocent." For purposes of this discussion, the Court will assume, without deciding, that a showing of actual innocence is sufficient to relieve habeas petitioners from the burdens imposed by § 2244(d).[3] "[I]n order to present a valid claim of actual innocence the petitioner must show that there is reliable 'new'

---

[3] In *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000), the Eleventh Circuit Court of Appeals declined to decide whether there is an actual innocence exception to the time limitation of § 2244(d). Instead, the court stated that "the factual issue of whether the petitioner can make a showing of actual innocence should be first addressed . . . ."

6

evidence (*i.e.* not presented at trial) 'showing that it is more likely than not that no reasonable juror would have convicted him.'" *Thomas v. Straub*, 10 F. Supp. 2d 834, 836 (E.D. Mich. 1998). In the present case, Petitioner does not support his allegation of innocence with any evidence to undermine the Court's confidence in the outcome of his criminal proceedings. *See Schlup v. Delo*, 513 U.S. 298, 316 (1995). Therefore, he does not come under the actual innocence exception, if such an exception exists.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one year period of limitation and that are not specifically addressed herein have been found to be without merit.

*Conclusion*

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. This case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 26 day of February, 2007.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
pslc 2/26
Roberto Vizcaino
Counsel of Record